UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HEIDI OBERLIN,<br><br>　　　　　Plaintiff,<br><br>vs<br><br>KBR SERVICES, LLC.,<br>　　　　　Defendant. | 4:20-cv-4175<br><br><br>**COMPLAINT AND REQUEST FOR TRIAL BY JURY** |

COMES NOW Plaintiff Heidi Oberlin and brings this action for damages and other relief, stating her claims against Defendant KBR as follows:

### THE PARTIES, JURISDICTION AND VENUE

1) Plaintiff Heidi Oberlin ("Oberlin") asserts claims of employment discrimination and retaliation arising under Title 1 of the Americans with Disabilities Act of 1990, as amended by the American with Disabilities Act Amendments Act of 2008 (jointly referred to as "the ADA") at 42 U.S.C. 12101 *et seq.*

2) Oberlin is an adult who at all times relevant to the Complaint resided in Minnehaha County, South Dakota.

3) KBR Services, LLC. ("KBR") serves as a contractor for the United States Geological Survey ("USGS") on the Technical Services Support Contract ("TSSC") at the Earth Resources Observation and Science ("EROS") Center in Sioux Falls, South Dakota.

4) KBR is a private employer within the meaning of the ADA.

5) Oberlin timely submitted her administrative Charge of Discrimination and retaliation and a Notice of Right to Sue was issued on September 22, 2020.

6) Jurisdiction over this matter is pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) because the Plaintiff's alleges civil rights claims arising under the Constitution and the law of the United States.

7) Venue over this matter is pursuant to 28 U.S.C.§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Minnehaha County, which is in the Southern Division of the District of South Dakota.

## FACTUAL ALLEGATIONS

8) On October 24, 2019, Oberlin was qualified for and hired by KBR to fill the position of "Remote Sensing Scientist II." Accepting this position required Oberlin to relocate from California to Sioux Falls, South Dakota.

9) Oberlin has two chronic health conditions that substantially limit the major bodily functions of her immune and circulatory systems and her major life activities of concentrating and working.

10) Oberlin requires ongoing medical care, including emergent care, from a specialist to address the symptoms of her health condition.

11) KBR is aware of Oberlin's disability because Oberlin disclosed her disability to the employer during her interview, when she requested the accommodation of being permitted to work remotely and submitted supporting medication documentation.

12) KBR granted Oberlin's accommodation request and allowed her to work remotely three days per week so that she could control her symptoms and travel to receive necessary treatments.

13) Oberlin was qualified to perform the essential functions of her job and performed her job in a manner that met KBR, Inc.'s expectations. Oberlin had no disciplinary actions during her employment.

14) KBR assigned an employee to train Oberlin to perform the role of the Remote Sensing Scientist II position in Sioux Falls. The trainer held the same position as Oberlin and performed the position entirely remotely.

15) During her employment, Oberlin began to experience increased symptoms related to her disability.

16) Upon the advice of her physician, Oberlin followed KBR policy and made an accommodation request to be permitted to work remotely on a full-time basis.

17) Pursuant to KBR policy, on or about February 3, 2020, Oberlin made her accommodation request to Karen Boyle, KBR's Human Resources manager at its Sioux Falls plant.

18) When Oberlin made her accommodation request, Boyle was aware that the Remote Sensing Scientist II who had trained Oberlin for the position worked remotely full-time. Boyle also told Oberlin that another KBR employee was being permitted to work remotely full-time so that employee's spouse could complete a college program and that another KBR employee who was training at the Sioux Falls plant would be working remotely full-time after her training was completed.

19) On or about February 10, 2020, when Oberlin had not heard anything further from Boyle about her accommodation request, Oberlin again met with Boyle about her accommodation request. During this meeting, Boyle, who has no medical training, represented that Boyle would not be granted her accommodation request and suggested that

3

Oberlin should try to get a nurse to come to her home to deliver her treatments and should get a case manager from her health insurer involved in her care. Boyle stated that all she could otherwise suggest to Oberlin was that Oberlin should take a two-week leave to "fix [Oberlin's] problem."

20) Concerned that Boyle did not understand the nature of her chronic health condition, Oberlin obtained a statement from her physician and submitted it to Boyle in support of her requested accommodation of a full-time remote work schedule.

21) Boyle did not respond to Oberlin's accommodation request documentation, so on or about February 21, 2020, Oberlin again met with Boyle. At this meeting, Boyle affirmed that Oberlin's request for accommodation was denied. Boyle stated that Oberlin's supervisors felt like Oberlin had used a "bait and switch" to get the job because Oberlin was a new employee asking for an accommodation. Boyle further remarked that she doubted that Oberlin could make it to work for on-site events if her accommodation request was granted because Oberlin has a child who requires childcare.

22) Oberlin also overheard her direct supervisor, Danny Howard, make a remark that Oberlin's accommodation request was a "bait and switch."

23) On or about February 24, 2020, Oberlin again met with Boyle to ask Boyle to reconsider granting Oberlin's accommodation request. During this meeting, Boyle stated that Oberlin needed to "earn" her accommodation request. Boyle stated that Oberlin was being terminated and that Oberlin needed to start looking for a job. Boyle added that she suggested that Oberlin should look for a job closer to her medical providers.

24) After the February 24, 2020 meeting with Boyle, Oberlin observed that her job position was being advertised in an online job posting.

25) After her February 2020 accommodation requests, Oberlin discovered that her employment benefits had been reduced or eliminated. Boyle refused to address or to correct Oberlin's payroll and benefits issues.

26) Oberlin was constructively discharged from employment on March 10, 2020.

## CAUSES OF ACTION

### COUNT I
### ADA DISCRIMINATION
### 42 U.S.C. § 12112(a)

27) Plaintiff re-alleges the facts asserted in paragraphs 1-26 of this Complaint.

28) Plaintiff's health condition qualifies as a disability within the meaning of the ADA.

29) Plaintiff is a qualified individual with a disability who could, with reasonable accommodation, perform the essential functions of the employment position that she held at KBR.

30) Plaintiff made reasonable accommodation requests regarding her work schedule that would have allowed her to perform the essential functions of her position and to enjoy benefits and privileges of employment equal to those enjoyed by employees without disabilities.

31) Defendant failed to provide Plaintiff's reasonable accommodation request or any other reasonable accommodation.

32) Plaintiff's accommodation requests did not pose an undue hardship to the employer.

33) Defendant treated employees who did not require accommodation or have a disability different and better than it treated Oberlin, including being allowed to work remotely on a full-time basis.

34) Defendant did not make a good faith effort to assist Plaintiff in seeking accommodation.

35) Defendant failed to engage in a good faith, interactive process to determine whether Plaintiff's accommodation requests were possible.

36) Plaintiff could have been reasonably accommodated but for Defendant's lack of good faith.

37) Plaintiff was terminated from employment.

38) Plaintiff's disability played a part in Defendant's decision to deny her accommodation request.

39) Plaintiff's disability played a part in Defendant's decision to reduce her wages.

40) Plaintiff's disability played a part in Defendant's decision to terminate her from employment.

41) Defendant failed to enforce effective anti-discriminatory policies in the workplace in violation of Plaintiff's federally protected employment rights.

42) Plaintiff suffered materially adverse employment actions in terms of the denial of her accommodation request, her wage demotion, and her constructive discharge as a result of her supervisor's discriminatory animus.

43) Plaintiff suffered lost wages, benefits, and incurred costs and related expenses as a result of her termination, has suffered humiliation, stress and anxiety and has experienced

an exacerbation of her symptoms related to her disability as a result of the discriminatory treatment Defendant's supervisors subjected her to.

44) Plaintiff has acted to reasonably mitigate her damages.

45) Defendant denied Plaintiff's accommodation requests, failed to engage in good faith consideration of her accommodation requests, reduced of her wages and constructively discharged her from employment in violation of the law prohibiting disability discrimination or with reckless disregard of that law.

## COUNT II

### ADA RETALIATION
42 U.S.C. § 12203(a)

46) Plaintiff re-alleges the facts asserted in paragraphs 1-45 of this Complaint.

47) On or about February 3, 2020 and until her termination, Plaintiff repeatedly engaged in protected activity when she requested a reasonable accommodation related to her disability.

48) Defendant reduced Plaintiff's wages and constructively discharged her within days of her accommodation requests.

49) Defendant's adverse employment actions against Plaintiff might well dissuade a reasonable worker in the same or similar circumstances from making an accommodation request.

50) Defendant would not have reduced Plaintiff's wage or constructively discharged her but for her accommodation requests. Plaintiff suffered lost wages, benefits, incurred costs and related expenses as a result of her termination, has suffered humiliation, stress and anxiety and has experienced an exacerbation of her symptoms related to her disability as a result of the discriminatory treatment her supervisors subjected her to.

51) Plaintiff has acted to reasonably mitigate her damages.

52) Defendant denied Plaintiff's accommodation requests, failed to engage in good faith consideration of her accommodation requests, reduced of her wages and constructively discharged her from employment in violation of the law prohibiting disability discrimination or with reckless disregard of that law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Heidi Oberlin requests the following judgment against the Defendant KBR Services, LLC. as follows:

1) That the practices complained of in this Complaint be determined to violate the rights secured to Plaintiff under the ADA, as amended;

2) For all relief available to Plaintiff under her claims, including compensatory damages consisting of losses for future employment income and benefits, mental anguish, physical harm, distress, embarrassment, loss of reputation and other damages, including punitive damages where allowed;

3) For attorney fees and reasonable costs and disbursements as approved by the Court;

4) For such other just and further relief as the Court deems fair and equitable under the circumstances: and

5) For a trial by jury upon the issues in this matter.

Dated this 10th day of November, 2020.

JOHNSON POCHOP & BARTLING
LAW OFFICE, LLP

Stephanie E. Pochop
405 Main Street | P.O. Box 149
Gregory, SD 57533
605/835-8391
Stephanie@Rosebudlaw.com
*Attorney for Plaintiff Heidi Oberlin*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HEIDI OBERLIN

**DEFENDANTS**
KBR SERVICES, LLC.

(b) County of Residence of First Listed Plaintiff: Oklahoma County, OK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Minnehaha County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Stephanie E. Pochop, of Johnson Pochop & Bartling, P.O Box 149, Gregory, SD 57533 (605) 835-8391

Attorneys *(If Known)*
Jennifer D. Sims, of THE KULLMAN FIRM, 119 3rd Street, Suite #2 Columbus, Mississippi 39701

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 1 of the Americans with disabilities Act of 1990 at 42 U.S.C. 12101 et seq. as amended

Brief description of cause:
Disability Discrimination and retaliation in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/10/20
SIGNATURE OF ATTORNEY OF RECORD
Stephanie E. Pochop

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____